UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE GUERRERO,

        Plaintiff,

vs.

        Case No.   2:05-CV-493-FtM-33DNF

MANCAN OF SOUTHWEST FLORIDA, INC.,

        Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Mancan of Southwest Florida, Inc.'s Motion to Dismiss (Doc. # 11).  Plaintiff Michelle Guerrero filed a response in opposition to the motion to dismiss (Doc. # 14).

Having carefully considered the submissions of the parties, this Court determines that Defendant's motion to dismiss should be denied.

**I.**   **Background**

On October 12, 2005, Plaintiff Michelle Guerrero filed her two-count complaint against Defendant, her employer, for violations of the Americans With Disabilities Act of 1990 (the "ADA"), 42 U.S.C. § 12101, et seq., and for retaliation under the Family Medical Leave Act of 1993 (the "FMLA"), 29 U.S.C. § 2601 et seq. (Doc. # 1).

The following allegations, taken as true at this stage of the proceedings, are found in Plaintiff's complaint:

Plaintiff suffers from various medical conditions, including secondary fibromyalgia, systematic lupus, a compromised immune system, and connective tissue disorder, that render her disabled. (Doc. # 1 at 2). Plaintiff has worked for Defendant since 2001. (Id.) Plaintiff requested FMLA leave from April 29, 2004 until July 29, 2004, and after taking leave, Plaintiff timely returned to work. (Id. at 3). Plaintiff was terminated from her full-time position after taking FMLA leave and now receives piecemeal work due to her disability or record of disability and in retaliation for taking FMLA leave. (Id. at 2-3).

**II.  Legal Standard**

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts the facts of the complaint as true and views them in the light most favorable to the non-moving party. See Magluta v. Samples, 375 F.3d 1269, 1273 (11th Cir. 2004)(citing Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir. 1998)). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Marsh v. Butler County Comm'n, 268 F.3d 1014, 1022 (11th Cir. 2001)(en banc)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

The plaintiff is not required by the Federal Rules of Civil Procedure to "set out in detail the facts upon which he bases his

claim." Conley, 355 U.S. at 47. All that is required is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must be sufficient to afford the defendant "fair notice of what the claim is and the grounds upon which it rests." United States v. Baxter Int'l, Inc., 345 F.3d 866, 881 (11th Cir. 2003)(quoting Conley, 355 U.S. at 47). Thus, the issue in a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss is not whether the plaintiff will ultimately prevail on his or her claim, but rather, whether the allegations contained in the complaint will be sufficient to allow discovery as to their proof. Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579-80 (11th Cir. 1986).

**III. Analysis**

    **A. Jurisdiction**

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction over federal questions, that is questions arising under the laws of the United States or an Act of Congress regulating commerce. "An action 'arises under' federal law when it is apparent from the face of the plaintiff's complaint that the plaintiff's cause of action is itself created by federal law." Harris v. McDonald's Corp., 901 F.Supp. 1552, 1555 (M.D. Fla. 1995). Plaintiff asserts federal question jurisdiction on the face of her complaint based on the claims pursuant to the ADA and FMLA.

3

**B.   Motion to Dismiss**

Defendant's motion to dismiss asserts that Plaintiff's complaint should be dismissed for failure to state a cause of action against Defendant under the ADA and FMLA. Defendant's motion describes Plaintiff's claims as follows: "Plaintiff's Complaint, which purports to state a claim for discrimination under the ADA [and FMLA], fails to allege more than bare legal conclusions, and conclusory allegations. The allegations in the Complaint are insufficient to satisfy even the liberal 'notice pleadings' under the Federal Rules of Civil Procedure." (Doc. # 11 at 1).

**1.   Plaintiff's ADA Claim**

To assert a prima facie case under the ADA for employment discrimination, a plaintiff must allege: "that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the disability." D'Angelo v. Conagra Foods, 422 F.3d 1220, 1226 (11th Cir. 2005).

Plaintiff's complaint contains the following allegations as to her claim for relief under the ADA:

> Plaintiff was, at all relevant times, employed by defendant as a receptionist and is an "employee" within the meaning of 42 U.S.C. § 1211, et seq. Defendant is a

4

> "covered entity" . . . . Plaintiff suffered from secondary fibromyalgia, systematic lupus, a compromised immune system, and connective tissue disorder. . . . . Plaintiff is disabled within the meaning of the Americans with Disabilities Act . . . .Plaintiff made requests for reasonable accommodations or other suitable positions to accommodate Plaintiff's physical condition on a 40 hour-per week basis, yet defendant failed to so accommodate. On or about August 8, 2004, Plaintiff was terminated from her full-time position and now only receives piece meal work because of her disabling condition in violation of the ADA, *supra.* Plaintiff was also terminated from her full time position, *supra,* because defendant regarded her as disabled or had a record of her as disabled. As a result of defendant's actions, plaintiff has suffered emotional distress, pain, suffering, mental anguish and other non-pecuniary losses, as well as pecuniary loss in the form of lost income in a sum to be determined at trial.

(Doc. # 1 at 1-3).

Plaintiff has not specifically enumerated every element that must be proved to prevail under the ADA; however, the Eleventh Circuit has explained, "A complaint cannot be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. And that is true even where it may appear on the face of the pleadings that a recovery is very remote and unlikely." Roe v. Aware Woman Ctr. For Choice, Inc., 253 F.3d 678, 682 (11th Cir. 2001).

Plaintiff asserts that, at this stage of the proceedings, the Court must assume that the allegations of the complaint are true, and that Plaintiff has sufficiently plead a cause of action for employment discrimination under the ADA. The Court agrees with Plaintiff that Defendant's motion to dismiss must be denied as to

Plaintiff's ADA claim. Under Rule 8(a)(2), Fed. R. Civ. P., Plaintiff is only required to plead a short and plain statement of the facts which entitle her to relief, and Plaintiff has met this lenient standard. Defendant's motion to dismiss is thus denied as to Count I.

### 2. **Plaintiff's FMLA Claim**

As stated by the Eleventh Circuit, "[t]o establish a prima facie case of FMLA retaliation, the plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he experienced an adverse employment action; and (3) there is a causal connection between the protected activity and the adverse action." Hurlbert v. St. Mary's Health Care Sys., Inc., 439 F.3d 1286, 1297 (11th Cir. 2006).

Plaintiff's complaint states:

> Defendant is a covered entity within the meaning of 29 U.S.C. § 2611(4). Plaintiff is a covered employee within the meaning of 29 U.S.C. § 2611(2). Plaintiff was granted FMLA leave by defendant effective from on or about April 29, 2004 until on or about July 29, 2004. . . . Plaintiff was eligible to take said leave and defendant recognized her eligibility. Plaintiff timely returned to work. As a result of taking said leave, Plaintiff was terminated from her full-time job with defendant on or about August 8, 2004, and now only receives piece meal work. As a result of defendant's actions, plaintiff has suffered emotional distress, pain, suffering, mental anguish and other non-pecuniary losses, as well as pecuniary loss in the form of lost income in a sum to be determined at trial.

(Doc. # 1 at 3-4).

Although Plaintiff has not presented her claim in the precise

6

language enunciated by the Eleventh Circuit, she has sufficiently plead a cause of action for retaliation under the FMLA. Accordingly, Defendant's motion to dismiss as to Plaintiff's FMLA count (Count II) is denied.

## IV. Conclusion

Plaintiff's complaint satisfies the liberal pleading standard of Rule 8(a)(2), Fed. R. Civ. P., and Defendant has failed to demonstrate that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Marsh, 268 F.3d at 1022. Defendant's arguments, though not persuasive at this stage of the litigation, would be properly considered by the Court in a motion for summary judgment. Defendant's motion is thus denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1)  Defendant's Motion to Dismiss (Doc. # 11) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Ft. Myers, Florida, this 21st day of April, 2006.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record

7