UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE GUERRERO,

        Plaintiff,

vs.                          Case No.   2:05-cv-493-FtM-99DNF

MANCAN OF SOUTHWEST FLORIDA, INC.,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and Incorporated Memorandum of Law (Doc. #45) filed on July 31, 2006. Defendant also filed deposition transcripts[1] (Doc. #44) and a supplemental authority (Doc. #59) in support of its Motion. Plaintiff filed her Opposition (Doc. #60) on August 28, 2006.

**I**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a

---

[1] The Court notes that the cumulative length of the depositions filed in support of defendant's Motion is 273 pages. As an administrative matter the Court would like to instruct the parties that pursuant to this Court's Standing Order of August 28, 2006, "parties should submit to chambers a courtesy copy of any document filed electronically in the Fort Myers Division that exceeds twenty-five (25) pages (including exhibits) in length."

verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Rice-Lamar v. City of Ft. Lauderdale, Fla., 232 F.3d 836, 840 (11th Cir. 2000), cert. denied, 534 U.S. 815 (2001). In order to avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). In ruling on a motion for summary judgment, if there is a conflict in the evidence the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fl., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Plaintiff Michelle Guerrero ("Guerrero") filed a two-count Complaint (Doc. #1). Count I asserts a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq. because her employer discriminated against plaintiff on the basis of her disability as a sufferer of Eptstein Barr Virus, Lupus, fibromyalgia, and connective tissue disease. Count II alleges retaliatory discharge and violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Defendant moves for summary judgment based on four arguments: (1) plaintiff does not suffer from a disability as defined in the ADA; (2) plaintiff did not request accommodations from ManCan or identify any such accommodations which wold permit her to work 40 hours per week; (3) plaintiff is not a qualified individual as contemplated the ADA because she could not perform the essential duties of her job regardless of accommodation; and (4) plaintiff is not entitled to protection under the FMLA because the amount of leave in question far exceeds that which is provided for under the Act.

The Joint Final Pre-Trial Statement (Doc. #69) and Guerrero's deposition (Doc. #44-2) clearly demonstrate that there are numerous issues of material disputed facts. The Court therefore finds summary judgment inappropriate in this case.

Accordingly, it is now

**ORDERED:**

Defendant's Motion for Summary Judgment, Statement of Undisputed Facts, and Incorporated Memorandum of Law (Doc. #45) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of October, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record